IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS DAVIS on behalf of the person of Thomas Davis, Petitioner, | ) ) ) | |
| Petitioner | ) ) | |
| vs. | ) ) | Civil Action No. 08-1724 |
| JEFFREY A. BEARD, Secretary of the Pennsylvania Department of Corrections, | ) ) ) | District Judge Gary L. Lancaster/ Magistrate Judge Amy Reynolds Hay |
| Respondent | ) ) | |

REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that the habeas petition, ostensibly filed pursuant to 28 U.S.C. § 2241, be dismissed and, to the extent one is needed, that a certificate of appealability be denied.

**II. REPORT**

Thomas Davis ("Petitioner"), a state prisoner, (DOC ID No. BZ 9982), was convicted of several counts of robbery and is now serving an aggregate sentence of 14 to 28 years in SCI-Mercer. His robbery convictions were obtained in Allegheny County at Common Pleas Court docket Nos. CC 198904098; CC198904099; CC198904606; and CC199100184, of which this court takes judicial notice.[1] He was sentenced on January 14, 1992. The court takes further

---

[1] The docket sheet for CC 198904098 may be found at:

http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?matterID=80038303

The docket sheet for CC198904099 may be found at:

judicial notice of the fact that Petitioner has previously filed a habeas petition pursuant to Section 2254 which challenged the very same convictions as he challenges herein and which was dismissed as untimely. Thomas Davis v. Stowitzky, No. 06-1086 (W.D. Pa. Dkt. 4 (Report) & Dkt. 6 (order adopting Report)). The Court of Appeals denied a certificate of appealability. Thomas Davis v. Stowitzky, No. 06-4173 (3d Cir. Dec. 14, 2006). Now two years later, Petitioner has filed what purports to be a Section 2241 habeas petition, apparently challenging the validity of these very same robbery convictions that were subject to the previous Section 2254 habeas petition. Dkt. [1-02] at 2, ¶ 6. Because, Petitioner has not carried his burden to show that this petition is properly filed as a Section 2241 petition and because, it is in fact and law, a second or successive Section 2254 petition, the petition is jurisdictionally improper and must be dismissed.

**Factual and Procedural History**[2]

After being found guilty of several counts of robbery, in May 1991, Petitioner was sentenced on January 14, 1992.

After filing as many as fourteen PCRA petitions in the State Courts, Petitioner then filed

---

http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?matterID=80038299

The docket sheet for CC198904606 may be found at:

http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?matterID=80038807

The docket sheet for CC199100184 may be found at:

http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?matterID=80000362

[2] Much of the history is taken from the record in Petitioner's first Section 2254 case and the dockets of the Allegheny County Court of Common Pleas in Petitioner's criminal case.

a Section 2254 habeas petition in this Court, which was denied as time barred. Thomas Davis v. Stowitzky, No. 06-1086 (W.D. Pa. Dkt. 4 (Report) & Dkt. 6 (order adopting Report))(hereinafter the "2006 petition"). The pro se petition and the Report and Recommendation in the 2006 petition are available on PACER.

Thus far unsuccessful in his repeated attacks on his conviction, Petitioner now seeks to invoke the Federal Court's habeas jurisdiction to again attack his state robbery convictions, which he has previously unsuccessfully attacked in this very same court via a Section 2254 petition.

**Discussion**

Although not clear, the heart of Petitioner's complaint in the current filing is that on March 2, 1990, DNA test results allegedly revealed that the robber in the crimes for which he was convicted excluded Petitioner as the perpetrator and that despite this allegedly exonerating evidence, Petitioner is still being held in confinement for these crimes of which he implies that he is innocent. Dkt. [1-2] at 3.

The petition has not been served yet but pursuant to Rule 4 of the Rules Governing Section 2254 cases,[3] this court may dismiss the petition if it plainly appears on its face that the

---

[3] "Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *Howard v. Haley*, 2001 WL 303534, * 1 (S.D.Ala. March 8, 2001); *Howard v. Certain Unnamed Aircraft Pilots*, 1995 WL 431150, * 2 (N.D.Ill. July 18, 1995). Because the petition is facially insufficient, it will be dismissed." Perez v. Hemingway, 157 F.Supp.2d 790, 795 (E.D. Mich. 2001). Accord United States v. Recinos-Gallegos, 151 F.Supp.2d 659 (D. Md. 2001) (dismissing petition construed as Section 2241 pursuant to Rule 4). See also Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241. See Rule 1(b) of the 2254 Rules"); Ukawabutu v. Morton, 997 F.Supp. 605, 608 n.2 (D.N.J. 1998)("I refer to these rules [i.e., Rules Governing Section 2254 Cases] as the 'Habeas Corpus Rules' because they apply to petitions filed pursuant to 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254."); Wyant

petitioner is not entitled to relief under habeas. The court concludes that it plainly appears from the face of the petition that Petitioner is not entitled to relief.

Petitioner has not shown that his petition is properly brought under Section 2241, as is his burden. See Simon v. Nalley, No. 9:02-CV-1255, 2003 WL 22240588, at *3 (N.D.N.Y. Sept. 22, 2003)(it is a petitioner's burden to show that Section 2241 is jurisdictionally appropriate).

As observed by the Court of Appeals for the Third Circuit, Section 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir.2001). In contrast, section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Coady, 251 F.3d at 484. The Court of Appeals for the Third Circuit has determined, based on canons of statutory construction, that because Section 2254 is more specific and Section 2241 more general, a state prisoner must seek relief via a Section 2254 petition and not via a section 2241 petition. Id. See also Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001)("Not only is § 2254 an appropriate vehicle for Crouch's proposed claims, it is, as a practical matter, the only vehicle. This is because Crouch is a 'person in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), and can only obtain habeas relief through § 2254, no matter how his

---

v. Edwards, 952 F.Supp. 348, 352 (S.D. W.Va. 1997)("the Court has concluded that the § 2254 Rules were intended to apply to § 2241 cases. . ."). Hence, for purposes of pre-service dismissal, it does not matter whether one characterizes this as a Section 2254 petition or a Section 2241 petition, the court has authority to dismiss it pre service under Rule 4.

pleadings are styled.").

Apparently believing a mere re-characterization of his petition as being a Section 2241 petition and not a Section 2254 petition permits him to circumvent Congressional intent on limiting repeat habeas filings in federal courts, attacking state convictions, Petitioner seeks to have his present petition treated as being filed pursuant to Section 2241, contrary to Coady. However, this course of action is foreclosed both by Coady and by Felker v. Turpin, 518 U.S. 651 (1996). See, e.g., Greenawalt v. Stewart, 105 F.3d 1287, 1287 (9th Cir. 1997)("It is clear that Greenawalt is attempting to avoid the limitations imposed on second or successive petitions by styling his petition as one pursuant to § 2241. The Supreme Court has instructed us that the authority of the federal courts to grant habeas relief to state prisoners under § 2241 is limited by 28 U.S.C. § 2254. *Felker v. Turpin*, 518 U.S. 651 (1996)"); Byrd v. Gillis, No. CIV.A. 97-4697, 1997 WL 698157, at *1 (E.D.Pa. Nov. 5, 1997)("in *Felker v. Turpin*, 518 U.S. 651 (1996), the Supreme Court held that it would apply the AEDPA's new requirements for second and successive petitions to original petitions filed under 28 U.S.C. § 2241, even though the AEDPA does not explicitly mention § 2241."). Accordingly, this petition should be dismissed pre-service as not being properly filed pursuant to Section 2241 and should be treated as what it really is, a second or successive Section 2254 petition that is barred absent permission from the Court of Appeals to file it.

**Certificate of Appealability**

To the extent that Petitioner would need one, a certificate of appealability should be denied because jurists of reason would not find it debatable that the instant case is not properly a Section 2241 petition but is, in reality, a second or successive 2254 motion for which he needs

5

the Court of Appeals' permission to file.

CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

Dated: January 21, 2009

cc: The Honorable Gary L. Lancaster
United States District Judge

Thomas Davis
BZ-9982
SCI Mercer
801 Butler Pike
Mercer, PA 16137